From Rodney A. Mercur, Towanda, Pa.

---

### Edelstein v. Cooperstein et al.

*Slander—Conspiracy—Joint acts—Separate cause of action.*

1. Where plaintiff avers conspiracy to injure his business and reputation, and overt acts of several conspirators, done in pursuance of the unlawful combination, it is an adequate averment.

2. The fact that each of the separate acts of defendants might constitute a separate cause of action will not preclude a joint action against all, when averred as acts of each in furtherance of the combination of all to do an unlawful act.

3. The separate torts of each became the joint torts of all if proven that they were done in pursuance of the conspiracy.

Statutory demurrer. C. P. Luzerne Co., Jan. T., 1925, No. 518.

*Adrian H. Jones,* for plaintiff.

*Herman J. Goldberg* and *W. A. Valentine,* for defendants.

McLEAN, J.—Plaintiff brought action in trespass against defendants and filed statement averring:

1. A conspiracy to injure the business and reputation of plaintiff.

2. The separate acts of the defendants, namely, the uttering of slanderous and defamatory words, in furtherance of the joint purpose.

. 3. The setting up of a competitive business by defendants for the benefit of the conspirators and the oppression of the plaintiff.

Defendants filed affidavit of defence raising questions of law as follows:

"1. The statement does not allege the commission of any unlawful joint act by the defendants that resulted in damage to the plaintiff.

"2. The main cause of action alleged in the statement is that of slander, which cannot be maintained as a joint action against the five defendants.

"3. The statement does not aver that the declarations alleged to have been made by the five defendants were made in the presence of each other, and does not set forth other facts showing that such declarations were made as the result of a concerted action.

"4. The alleged cause of action embraced in the statement, other than that of slander, to wit, that the defendants set up a competitive business against the plaintiff, as alleged in paragraph 19 of the statement, does not constitute a cause of action for which damages are recoverable as alleged.

"5. The statement does not aver that the defendants had knowledge that the alleged remarks charged to have been made by them were false.

"6. That the statement attempts to join in one suit several separate, distinct and independent causes of action."

We are of the opinion that the questions so raised must be resolved against the defendants.

Plaintiff avers a conspiracy to injure the property, business and reputation of plaintiff, and the several separate overt acts of the conspirators done in pursuance of the unlawful combination. This constitutes the cause of action. The averment of setting up a competitive business is not a separate cause of action, but simply an averment in aggravation of damages. The fact that each of the separate acts of the defendants might constitute a separate cause of action against each defendant would not preclude a joint action against all, when averred as acts of each in furtherance of the combination of all to do an unlawful act. The separate torts of each became the joint torts of all, if proven that they were done in pursuance of the conspiracy joined in by all. The plaintiff's statement adequately avers a good cause of action. Accordingly, questions of law raised are decided against defendants, and they are permitted to file, within fifteen days from the date hereof, an affidavit of defence to the averments of fact of plaintiff's statement.

From Frank P. Slattery, Wilkes-Barre, Pa.